LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)

148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 661-0543
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| EDDIE SOTO,<br>*on behalf of himself, FLSA Collective Plaintiffs and the Class*,<br>    Plaintiff,<br><br>  v.<br><br>TOP INTERIORS LLC<br>  d/b/a TOP INTERIORS,<br>JOHN DOE CORPORATIONS NY 1-10<br>  d/b/a TOP INTERIORS,<br>JOHN DOE CORPORATIONS PA 1-10<br>  d/b/a TOP INTERIORS,<br>YEHUDA SCHWARTZ,<br>MOSHE WEINBERG,<br>and YONA GROSSMAN,<br><br>    Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

  Plaintiff, EDDIE SOTO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, TOP INTERIORS LLC d/b/a TOP INTERIORS, JOHN DOE CORPORATIONS NY 1-10 d/b/a TOP INTERIORS, and JOHN DOE CORPORATIONS PA 1-10 d/b/a TOP INTERIORS ("Corporate Defendants"), YEHUDA SCHWARTZ, MOSHE

1

WEINBERG, and YONA GROSSMAN (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime premium, (2) unpaid wages for off-the-clock work, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), New Jersey Wage and Hour Law ("NJWHL"), and Pennsylvania Minimum Wage Act ("PMWA"), that Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendants: (1) unpaid overtime premium, (2) unpaid wages for off-the-clock work, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff EDDIE SOTO is a resident of Queens County, New York.

6.      Defendants own and operate a construction enterprise under the trade name "Top Interiors" with its headquarters located at 145 Ocean Ave, Lakewood, NJ 08701 (hereinafter, "Top Interiors"). The enterprise is licensed and operates in New York, New Jersey, and Pennsylvania to

perform renovations and constructions for commercial office spaces, healthcare facilities, and multi-family buildings. See **Exhibit A**.

7. Corporate Defendant TOP INTERIORS LLC is a domestic profit limited liability company organized under the laws of the State of New Jersey, with a principal place of business and an address for service of process located at 145 Ocean Ave, Lakewood, NJ 08701. TOP INTERIORS LLC directly or through its wholly owned subsidiaries control operations of JOHN DOE CORPORATIONS NY 1-10 d/b/a TOP INTERIORS and JOHN DOE CORPORATIONS PA 1-10 d/b/a TOP INTERIORS.

8. Upon information and belief, Defendant JOHN DOE CORPORATIONS NY 1-10 d/b/a TOP INTERIORS are individual unknown corporations operating the Top Interior companies in New York. JOHN DOE CORPORATIONS NY 1-10 are direct subsidiaries and/or have their operations controlled by Defendant TOP INTERIORS LLC. Defendant TOP INTERIORS LLC exercises control over the employment terms and conditions of those working for Defendant JOHN DOE CORPORATIONS NY 1-10. Defendant TOP INTERIORS LLC. has and exercises the power and authority to determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of employees of JOHN DOE CORPORATIONS NY 1-10. Defendant TOP INTERIORS LLC exercises functional control over the business and financial operations of JOHN DOE CORPORATIONS NY 1-10 and has authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning employees. While each individual company comprising JOHN DOE CORPORATIONS NY 1-10 is ultimately owned by a separate corporation, TOP INTERIORS LLC and JOHN DOE CORPORATIONS NY 1-10 operate their business as a single integrated enterprise.

9. Upon information and belief, Defendants JOHN DOE CORPORATIONS PA 1-10 are individual unknown corporations operating the Top Interior companies in Pennsylvania. JOHN DOE CORPORATIONS PA 1-10 are direct subsidiaries and/or have their operations controlled by Defendant TOP INTERIORS LLC. Defendant TOP INTERIORS LLC exercises control over the employment terms and conditions of those working for Defendant JOHN DOE CORPORATIONS PA 1-10. Defendant TOP INTERIORS LLC. has and exercises the power and authority to determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of employees of JOHN DOE CORPORATIONS PA 1-10. Defendant TOP INTERIORS LLC exercises functional control over the business and financial operations of all JOHN DOE CORPORATIONS PA 1-10 and has authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning employees While each individual company comprising JOHN DOE CORPORATIONS PA 1-10 is ultimately owned by a separate corporation, TOP INTERIORS LLC and JOHN DOE CORPORATIONS PA 1-10 operate their business as a single integrated enterprise.

10. The Top Interior companies (the "Companies") operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership, and have a common business purpose.

   a) Each of the Companies is engaged in the same business of conducting renovation and construction services.

   b) All of the Companies share the same trade name "Top Interior" with the same logo and are marketed jointly on a common website: (https://www.topintnyc.com/). See **Exhibit A**.

   c) All Companies share the common "About Us" Webpage, "Careers" Webpage, "Gallery" Webpage, "Work With Us" Webpage, "Contact Us" Webpage, headquarters address and telephone numbers. See **Exhibit B**.

d) All Companies share the common social media accounts:

- LinkedIn: https://www.linkedin.com/company/topinteriors.

- Instagram: https://www.instagram.com/topinteriors1/. See **Exhibit C.**

11. Individual Defendant YEHUDA SCHWARTZ is an owner and principal of Corporate Defendants. YEHUDA SCHWARTZ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. YEHUDA SCHWARTZ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, YEHUDA SCHWARTZ would have the authority to effect any changes to the quality and terms of employees' employment. YEHUDA SCHWARTZ directly reprimanded any employee who did not perform his duties correctly. YEHUDA SCHWARTZ ensured that the business is operating efficiently and profitably. YEHUDA SCHWARTZ exercised functional control over the business and financial operations of Corporate Defendants.

12. Individual Defendant MOSHE WEINBERG is an owner and chief executive officer of Corporate Defendants. MOSHE WEINBERG exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. MOSHE WEINBERG had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, MOSHE WEINBERG would have the authority to effect any changes to the quality and terms of employees' employment. MOSHE WEINBERG directly reprimanded any employee who did not perform his duties correctly. MOSHE WEINBERG ensured that the business is operating efficiently and profitably. MOSHE

WEINBERG exercised functional control over the business and financial operations of Corporate Defendants.

13.     Individual Defendant YONA GROSSMAN is an owner and principal of Corporate Defendants. YONA GROSSMAN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. YONA GROSSMAN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, YONA GROSSMAN would have the authority to effect any changes to the quality and terms of employees' employment. YONA GROSSMAN directly reprimanded any employee who did not perform his duties correctly. YONA GROSSMAN ensured that the business is operating efficiently and profitably. YONA GROSSMAN exercised functional control over the business and financial operations of Corporate Defendants.

14.     At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, NJSWHL, \ PMWA, and the Regulations thereunder.

15.     At all relevant times, TOP INTERIORS LLC, JOHN DOE CORPORATIONS NY 1-10 and JOHN DOE CORPORATIONS PA 1-10 met the definition of an "employer" of Plaintiff, FLSA Collective Plaintiffs, and Class Members.

16.     Plaintiff, FLSA Collective Plaintiffs, and Class Members were employed by all Defendants as a single employer.

17.     At all relevant times, Defendants have operated together as a single integrated enterprise in conducting business, including the business practices described in this Complaint.

They are interrelated companies that have common ownership, officers, managers, products, services, and corporate purpose.

18.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to construction workers, electricians, carpenters, plumbers, mechanics, and laborers) employed by Defendants in New York, New Jersey, and Pennsylvania on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper (i) overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) wages for off-the-clock work. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

21.     Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action,

their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK, NEW JERSEY, and PENNSYLVANIA

23. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to construction workers, electricians, carpenters, plumbers, mechanics, and laborers) employed by Defendants in New Jersey, New York, and Pennsylvania on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

24. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate

practices of Defendants, as alleged herein, of failing to pay the proper (i) overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek, and (ii) wages for off-the-clock work. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

9

result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Defendants violate the New Jersey Wage and Hour Law, New York Labor Law and Pennsylvania Minimum Wage Act. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  (a) Whether Defendants employed Plaintiff and Class members within the meaning of the NJWHL, NYLL and PMWA ;

  (b) What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

  (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)   Whether Plaintiff and Class members performed off-the-clock work;

(e)   Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate; and

(f)   Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the NJSWHL, NYLL, and PMWA.

## STATEMENT OF FACTS

31.  From in or about June 2017 until in or about January 2019, Plaintiff EDDIE SOTO was employed by Defendants to work as a construction worker for Defendants' "Top Interiors" company. During his employment, Plaintiff EDDIE SOTO was assigned to various construction sites throughout New York State, including but not limited to the following:

(a) "Bezalel Rehabilitation & Nursing Center" - 29-38 Far Rockaway Boulevard, Far Rockaway, New York 11691;

(b) "Queens Nassau Rehabilitation & Nursing Center" - 520 Beach 19th Street, Far Rockaway, New York 11691; and

(c) "Park Terrace Care Center" - 59-20 Van Doren Street, Flushing, NY 11368.

32.  During his employment with Defendants, Plaintiff EDDIE SOTO was regularly scheduled to work five (5) days per week, from 8:00 a.m. to 5:00 p.m. with a forty-five (45) minutes lunch break, for a total of forty-one (41) hours and fifteen (15) minutes per week. However, Plaintiff EDDIE SOTO often was required to work approximately thirty (30) minutes before clocked in and another thirty (30) minutes after clocked out. All told, Plaintiff EDDIE SOTO actually worked for approximately forty-five (45) hours per week. Plaintiff EDDIE SOTO was not paid for such off-the-clock hours. Based on Plaintiff EDDIE SOTO's direct observations and conversations with other employees at Top Interiors, FLSA Collective Plaintiffs and Class

11

members were similarly required to perform substantial off-the-clock work and were not paid for such hours.

33. Throughout his employment with Defendants, Plaintiff EDDIE SOTO was paid at a straight time rate of $16.00 per hour for all his scheduled hours without any overtime premium. Based on Plaintiff EDDIE SOTO's direct observations and conversations with other employees at Top Interiors, FLSA Collective Plaintiffs and Class members also were paid similarly at straight-time rates without any overtime premium.

34. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the respective overtime rates of New Jersey, New York, or Pennsylvania to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week, as Defendants paid them on a straight time basis.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of not compensating off-the-clock work, in violation of the NJWHL, NYLL, and PMWA.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

41. At all relevant times, Defendants had a policy and practice of failing to pay the proper overtime compensation at the statutory rate of one and one-half times the regular rate to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

42. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to a policy of not compensating for off-the-clock work.

43. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, unpaid wages due to off-the-clock work, plus an equal amount as liquidated damages.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR LAW

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New Jersey Wage and Hour Law.

50. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class members for all hours worked due to Defendants' policy of not compensating for off-the-clock work.

52. Due to Defendants' New Jersey Wage and Hour Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid wages for off-the-clock work, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT III

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

53. Plaintiff realleges and reaver Paragraphs 1 through 52 of this Class and Collective Action Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff and Class members who worked at Defendants' company located in New York were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

55. Defendants willfully violated Class members' rights by failing to pay them their overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. At all relevant times, Defendants had a policy and practice of failing to pay Class members for all hours worked due to Defendants' policy of not compensating for off-the-clock work.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

58. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Class members at the beginning of employment, in violation of the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Class members are entitled to recover from Defendants their unpaid overtime wages, unpaid wages due to off-the-clock work, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT IV

## <u>VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT</u>

60. Plaintiff realleges and reaver Paragraphs 1 through 59 of this Class and Collective Action Complaint as fully set forth herein.

61. At all relevant times, Class members who worked at Defendants' company located in Pennsylvania were employed by the Defendants within the meaning of the Pennsylvania Minimum Wage Act.

62. At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' company located in Pennsylvania, as defined in the Pennsylvania Minimum Wage Act.

63. At all relevant times, Class members who worked at Defendants' companies located in Pennsylvania were not exempt from the minimum wage provisions of the Pennsylvania Minimum Wage Act.

64. At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' company located in Pennsylvania proper wages and overtime for all of their hours worked due to off-the-clock work.

65. At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' company located in Pennsylvania their overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

66. Due to the Defendants' Pennsylvania Minimum Wage Act violations, Class members who worked at Defendants' company located in Pennsylvania are entitled to recover

16

from Defendants unpaid overtime compensation, and unpaid wages due to off-the-clock work pursuant to the Pennsylvania Minimum Wage Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NJWHL, NYLL, and PMWA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation and unpaid wages for off-the-clock work due under the FLSA, NJWHL, NYLL, and PMWA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper overtime compensation and wages for off-the-clock work;

e. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

f. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

g. Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

h. Designation of Plaintiff as Representative of the Class; and

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   May 19, 2021                                   Respectfully submitted,

                                          By:   */s/*   C.K.Lee
                                                    C.K. Lee

                                                    LEE LITIGATION GROUP, PLLC
                                                    C.K. Lee, Esq.
                                                    Anne Seelig, Esq.
                                                    148 West 24th Street, Eighth Floor
                                                    New York, NY 10011
                                                    Tel.: (212) 661-0543
                                                    Fax: (212) 465-1181
                                                    *Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*