# Lee Litigation Group, PLLC
24 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:  (212) 465-1188
cklee@leelitigation.com

November 17, 2021

**Via ECF**
Hon. Eric R. Komitee, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Soto v. Top Interiors LLC et al.*
    Case No.: 1:21-cv-02846-EK-LB

Dear Judge Komitee:

We are counsel to Plaintiff in the above-captioned matter and, pursuant to Your Honor's individual rules, write in response to Defendants' pre-motion letter, filed on November 12, 2021 [Dkt. No. 31].

Defendants assert that the claims against Defendant TOP DESIGN INTERIORS CORP.. should be dismissed in its entirety as it is not "part of an integrated enterprise" with Defendant Top Interiors LLC. However, Defendant TOP DESIGN INTERIORS CORP. should remain in the litigation as it is clearly directly involved as it operates as a "department" of TOP INTERIORS LLC.

"[A] corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business. *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n. 19, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)). Therefore, this Court has personal jurisdiction over Defendant TOP DESIGN INTERIORS CORP. as it is a domestic business corporation organization incorporated under the laws of New York. *See* Amended Complaint, **Exhibit E.**

Therefore, as the Court has personal jurisdiction over Defendant TOP DESIGN INTERIORS CORP. As referenced in Plaintiff's prior response, New York subjects a foreign corporation to general jurisdiction if it is a parent or subsidiary of a domestic entity doing business in New York, and '"when the subsidiary is acting as an agent for the parent, or when the parent's control is so complete that the subsidiary is a 'mere department' of the parent."' *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 173332, *15-17, 116 (S.D.N.Y. 2012). To determine whether the subsidiary is a "mere department" of the parent corporation, a court must consider the following factors set forth by the Second Circuit Court in *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp*. *See* 751 F.2d 117, 120 (2d Cir. 1984). Such factors include the following: (1) "common ownership," (2) "financial dependency of the subsidiary on the parent corporation," (3) "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities," and (4) "the degree of control over the marketing and operational policies exercised by the parent." *See* id. at 120-22; *accord Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184-85 (2d Cir. 1998).

While the first factor, common ownership, is "essential" for an assertion of jurisdiction, "[t]he other three are important, but not essential." *Tese-Milner v. De Beers Centenary A.G.*, 613 F.Supp.2d 404, 416 (S.D.N.Y. 2009); *accord ESI*, 61 F.Supp.2d at 52. As such, "[t]he overall weighing of the various factors thus necessitates a balancing process, and not every factor need weigh entirely in the plaintiffs' favor." *Reers v. Deutsche Bahn AG*, 320 F.Supp.2d 140, 156 (S.D.N.Y. 2004). When applying the *Beech* test, "[e]stablishing the exercise of personal jurisdiction over an alleged alter ego requires application of a less stringent standard than that necessary to pierce the corporate veil for purposes of liability." *GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F.Supp.2d 308, 319 (S.D.N.Y. 2009) (quotation marks omitted); *see also Moore*, 2012 U.S. Dist. LEXIS 173332 at *15-17 (S.D.N.Y. 2012).

Defendant YONI GROSSMAN, an owner and principal of other Corporate Defendants, was also the CEO of Defendant TOP DESIGN INTERIORS CORP. Furthermore, Plaintiff is paid through TOP INTERIORS LLC checks, signed by Defendant YONI GROSSMAN who is also CEO of TOP DESIGN INTERIORS CORP., demonstrating the financial dependency of TOP DESIGN INTERIORS CORP. to TOP INTERIORS LLC. *See* Amended Complaint, **Exhibit F**. TOP INTERIORS LLC advertises for all of its subsidiary businesses on its' (currently defunct) website, and lists its various licenses in NY, PA and NJ, revealing the control TOP INTERIORS LLC has on the subsidiaries marketing and operational policies. *See* Amended Complaint, **Exhibit A**. As a result, TOP DESIGN INTERIORS CORP. was a subsidiary of Defendant TOP INTERIORS LLC.

Therefore, Plaintiff has properly alleged the factors necessary to show that Defendant TOP DESIGN INTERIORS CORP. was a subsidiary department of TOP INTERIORS LLC and should be properly included in the litigation as a Defendant.

We thank Your Honor for considering our position.

Best regards,

*/s/ CK Lee*
C.K. Lee, Esq.