# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
                   cklee@leelitigation.com

February 22, 2022

**Via ECF**
The Honorable Eric R. Komitee, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Soto v. Top Interiors, LLC et al.*
               Case No. 1:21-cv-02846-EK

Dear Judge Komittee:

      I am counsel to Plaintiff and write to respectfully request that this case be transferred to a different Magistrate Judge due to certain prejudicial statements that were made by presiding Magistrate Judge Bloom at a pre-settlement conference call held on February 7, 2022. A transcript of the proceeding is attached.

***Magistrate Bloom Made Unnecessary Disparaging and Prejudicial Remarks***

      Although the pre-settlement conference was solely held to schedule a settlement conference and to discuss its mechanics, Magistrate Bloom made a number of statements that (i) unnecessarily disparaged me; and (ii) unfairly prejudiced the substance of Plaintiff's case:

- "I'm not trying to demean anybody. But frequently, Mr. Lee will look up on records that are publicly available. And if there's any name, whether that's an individual or an entity, that is similar to the entity that they're trying to sue, they'll name everyone." 3:11-16
- "Two of the counts are under different states' laws. There's no allegation that Plaintiff worked in those states. This is just making work. I don't even understand why we would go through all of this." 3:23-4:1
- "… my experience with Mr. Lee's firm is that he is way over-inclusive, that he alleges claims that end up making the case much more complicated about which I can't even say that he has a good faith basis for the claim." 4:4-7
- "Mr. Lee always thinks he is, you know, groundbreaking and going to move heaven and earth even if his claim is for 8 months and it's a 45-hour a week overtime claim" 13:21-23

Each of the above statements only serves to induce Defendants to reduce their settlement position.

      In regards to Magistrate Bloom's blanket dismissal of Plaintiff's claims in New Jersey and Pennsylvania, even though Plaintiff did not work there, it does not automatically preclude pursuit of claims there. There are innumerable examples of individual claimants successfully pursuing and resolving claims on a multi-state basis. The basis for class resolution is not whether claimant worked at every location, but whether there was a common centralized policy. The Amended

Complaint in this matter contains substantive allegations for a common enterprise and Magistrate Bloom's pre-conceived opinion unfairly disadvantages Plaintiff in settlement discussions.

In addition, although Magistrate Bloom ridicules me for "moving heaven and earth" for an unimportant wage case, I am duty bound to do so; and in fact, I have been commended by many judges in the Eastern and Southern Districts of New York for my "ground-breaking" litigation practice, which includes cases such as *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020) (clarifying scope of fees in the Second Circuit), *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020) (was the controlling case in the Second Circuit until its holding was overturned by the Supreme Court) and *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381 (EDNY 2017) (holding that websites are subject to ADA; unfortunately, since the road to hell is paved with good intentions, this opinion opened the flood-gates of ADA litigation for website accessibility).

***Magistrate Bloom Wrongfully Confused Me with Another Asian American Attorney***

I believe that Magistrate Bloom has confused me for another "Chinese" employment attorney, John Troy, whose daughter, Tiffany Troy, is a graduate of Fordham Law School and works for her father (her biography can be found at www.troypllc.com):

> "And, you know, part of my real concern, Mr. Klein, since you're being introduced to this firm, you know, his daughter is now a member of the firm. And she has certainly drank the Kool-Aid and thinks her father is brilliant … And, unfortunately, and I'm not the only one who has these views, this may just be churning fees to create this kind of motion practice in a fairly straight-forward wage and hour claim."

The only accurate part of Magistrate Bloom's statement is that my daughter, who is three years old, indeed thinks I am brilliant, not because I speak three languages, have an Ivy League pedigree, and worked at some of the most prestigious law firms in the world, but that I am able to pull a penny out of her ear. While it's not that hard to impress a three year old, I suspect my three year old may stop drinking the Kool-Aid soon enough, without encouragement from Magistrate Bloom.

***

Thus because of Magistrate Bloom's confusion and criticism over my track record (I am still uncertain whether all the statements by Magistrate Bloom were intended for John Troy or for myself), I respectfully request that the Court designate another Magistrate Judge for this matter, or at a minimum, terminate the settlement conference that is scheduled before Magistrate Bloom and refer the parties to a neutral from the EDNY Mediation Panel. Given the statements from Magistrate Bloom, I believe it is prejudicial to us to proceed in this matter before her.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.